# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **2:95-CR-0312-JHH-TMP** |
| **JIMMY ANTONIO WREN** | ) | |
| | ) | |

## MEMORANDUM OF OPINION REGARDING ORDER
## DENYING MOTION TO REDUCE TERM OF IMPRISONMENT

The movant, acting pro se, filed the above-styled motion, commonly referred to as an 18 U.S.C. § 3582 motion, on March 12, 2008, requesting that this court modify or reduce his sentence pursuant to the retroactive crack cocaine amendment to the Sentencing Guidelines which became effective on November 1, 2007.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987.  One of these amendments, # 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses.  In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[1] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive.

---

[1] At this point, the crack amendment had no retroactive application.

The effective date for retroactive application of the crack amendment became March 3, 2008. The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement"). As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #47) of Jimmy Antonio Wren to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). The motion seeks the benefit of the crack amendment and the amended policy statement.

The focus of the § 3582(c)(2) motion is the 120 months sentence imposed upon movant under Count One (possession with intent to distribute cocaine base). This defendant pled guilty to this charge and to Count Two ( possession or use of a firearm in relation to a drug crime . At the time the defendant was sentenced, he was attributed with an offense involving 110 grams of crack cocaine.

The following chart sets forth the application of the crack amendment to the instant case:

|  | Original Sentence | Retroactive Sentence Adjustment |
|---|---|---|
| **Total Offense Level** | 29 | 27 |
| **Criminal History Category** | III | III |
| **Imprisonment Range** | 108 (120 with (b)(1)(A) ) - 135 + 60 months | 120 months (+ 60) |
| **Departure** | N/A |  |
| **Sentence Imposed** | 120 months + 60 months consecutive |  |
| **Projected Release Date** | 4-01-2009 |  |

Pursuant to U.S.S.G § 1B1.10 (b)[2], this court finds that the movant is not eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). The movant was sentenced to the minimum mandatory penalty found at 21 U.S.C. § 841 (b)(1)(A). Since the Crack Amendment did not and could not have any effect on the statutory minimum sentence set by Congress, the movant is not entitled to consideration under the Crack Amendment.

A separate order will be entered denying the motion as set forth herein. Movant's attention is directed to the 'Notice Concerning Appeals" set out below.

## NOTICE CONCERNING APPEALS

A § 3582(c) motion is considered a continuation of the criminal proceeding. A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed. See *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P*. 4(b)(1)(A)(i). If the movant was represented by appointed counsel in the Northern District of Alabama at trial or on appeal, movant will not be required to file a new application to proceed *in forma*

---

[2] U.S.S.G § 1B1.10 (b)(2)(A)(effective March 3, 2008) reads as follows: <u>In General</u>.- Except as provided in subdivision (B), the court shall <u>not</u> reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement <u>to a term that is less than the minimum of the amended guideline range</u> determined under subdivision (1) of this subsection. Emphasis added.

*pauperis* on appeal from the denial of the § 3582(c)(2) motion. That status will be granted for appeal purposes. If movant was represented by counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when a notice of appeal from the denial of the § 3582(c)(2) motion is filed. The Clerk is DIRECTED to provide the movant with an application to proceed *in forma pauperis*.

      **DONE** this the   13th   day of May, 2008.

                                                          SENIOR UNITED STATES DISTRICT JUDGE